WEIS v. SKINNER.   (No. 462.)

(Court of Civil Appeals of Texas.   El Paso.
June 10, 1915.)

1. JUDGMENT ⬤⟹244—DESCRIPTIVE WORDS—
EFFECT.

A judgment against a defendant, "as manager of * * * theater and agent of [a third person]," rendered on a petition referring to defendant in the same way, is a personal judgment against him; the quoted words being only descriptive.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 430, 439, 440; Dec. Dig. ⬤⟹244.]

2. THEATERS AND SHOWS ⬤⟹4 — TICKETS —
CONTRACTS—PERSONS LIABLE FOR BREACH.

Where an assistant manager and cashier of the lessee of a theater sold a ticket for a performance to a person, who gave it to his daughter, who was ejected from her seat by another employé of the lessee because the ticket was not for the performance, the manager was not liable for breach of contract because he was not a party thereto.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 4; Dec. Dig. ⬤⟹4.]

3. THEATERS AND SHOWS ⬤⟹4 — TICKETS —
TORTS—PERSONS LIABLE.

The manager was not liable in tort for damages for humiliation suffered by the ticket holder's expulsion, in view of her acquaintances, and for loss of the price of the ticket; another agent and employé of the lessee having sold the ticket and another employé having ejected her.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 4; Dec. Dig. ⬤⟹4.]

Appeal from Harris County Court; K. C. Barkley, Special Judge.

Action by Clara G. Skinner against Dave A. Weis and another.   From a judgment for plaintiff against defendant named, he appeals.   Reversed and rendered.

Fisher, Campbell & Amerman and Gill, Jones & Tyler, all of Houston, for appellant. Geo. H. Currier, of Houston, for appellee.

### Statement of Case.

HIGGINS, J.   Appellee filed this suit, complaining of Albert Weis, of New York City, and "of David A. Weis, and of David A. Weis, manager of the Prince Theater, and of David Weis, agent of Albert Weis," alleging that the Prince Theater is located in Houston, Tex., and is a public place of amusement, where plays are given, and on February 17, 1914, Albert Weis was the lessee of said theater, and David Weis, whose residence was in Houston, Tex., was the local manager of said Prince Theater, and the agent of Albert Weis, duly authorized to transact all business and to do all things necessary in the local business of said theater; that on the day aforesaid there was given in the Prince Theater a play, entitled "Everywoman," and on said date the father of plaintiff purchased at the box office of the theater, and from the authorized agent of defendants, two box seats good for the night performance, and that her father gave her one of the seats, which seat was in a conspicuous part of the house and in plain view of many peo-

ple; that she attended the performance and took possession of said seat, and in the midst of the performance, and in plain view of the audience, the defendants, and each of them, their servants and agents, whose acts were adopted as the acts of defendants, and who were acting under instructions of defendants and each of them, did illegally, with malice and force and arms and orders and threats, eject plaintiff from her rightful seat and place and give possession thereof to strangers; that she made demand of defendants, their servants and agents, for another seat and for the return of her money, and defendants failed and refused to either return the money or to allow her another seat; that, by reason of the matters and things set forth, she suffered great humiliation and shame, and, to preserve her reputation, she had spent much time in making explanations to friends, and she had suffered great anguish, physical and mental, to her damage in the sum of $970, for which she sued.   Plaintiff dismissed her suit as to Albert Weis, and thereafter, upon trial, without jury, a judgment was rendered in plaintiff's favor in the sum of $50 against "David A. Weis, manager of the Prince Theater and agent of Albert Weis."   From this judgment, said defendant has appealed.

There is no statement of facts in the record, and the case is before us for review upon the findings of fact and conclusions of law of the trial court.

From these findings of fact, it appears that on February 17, 1914, Albert Weis was the lessee and proprietor of the Prince Theater, in Houston, Tex.   David A. Weis was the manager of same and the duly authorized agent of Albert Weis, and on the afternoon of that date the father of plaintiff in person purchased from the box office of the theater two tickets for the play "Everywoman," which on that day was being played in the theater.   Said tickets were purchased from Raymond Branham, who was assistant manager and cashier of Albert Weis.   When application was made to purchase the tickets, it was stated to the person in charge of the box office that they were desired for the night performance.   The tickets which were delivered to her father were tickets for the matinée performance of said date, and had across their face the word "Matinée"; the letters not being printed but being made by uncolored space and being in block type, and had appearing thereon "Serial Number 59," which was the serial number of the tickets used for the matinée performance.   The tickets had further printed thereon, "Good only for performance at which this number is used," and also having the provision, "The management reserves the right to revoke the license granted by this ticket by refunding the purchase price."   The father delivered one of the tickets to plaintiff, and she entered the Prince Theater at the usual time for

the night performance with her sister, who had the other ticket purchased by her father, and presented said two tickets at the door, and they were shown by one of the ushers of the theater to seats in the section called for by said tickets, in the front lower right-hand box; they being unescorted by any man after they entered the theater, except in so far as they were shown to their seats by the usher. Shortly after the prologue of the performance had started, one of the ushers of the theater brought a party of 10 or 12 people into the box and stated to the plaintiff and her sister that such parties had tickets calling for the seats occupied by them, and, upon being shown the stubs of the tickets held by the plaintiff and her sister, the usher informed them that said tickets were for another performance, and were not good for the night performance, and requested that they vacate said seats, and some one in this party said, "Why don't they hurry and get out?" Plaintiff and her sister vacated said seats at the request of the usher, and asked that they be given other seats from which to witness the performance. The request to vacate was made very courteously, and no force was used or threatened in causing them to vacate, and plaintiff and her sister were conducted by the usher to the rear of the theater, and the defendant, Dave A. Weis was then sought and found by the usher and brought to the ladies, and they took up with him the question of being furnished with other seats in the theater. There were no other unsold seats in the house which could be furnished to them, and this fact was stated to them by Dave A. Weis. Plaintiff and her sister then demanded of Dave A. Weis the return of the money which had been paid for their seats, which demand was refused, and they then remained in the theater and got permission to sit on the steps leading up to one of the fire exits on one side of the theater, and from such place witnessed the performance. The usher who requested plaintiff and her sister to vacate the seats was Willie Stansberry, who was at that time in the employ of Albert Weis, lessee of the Prince Theater. Two dollars each were paid for the tickets. Plaintiff sustained $50 actual damages by reason of the humiliation caused by being compelled to move out of the box in view of her acquaintances and friends and loss of purchase price of tickets.

### Opinion.

[1] The reference in the petition and judgment to David A. Weis as manager of the Prince Theater and agent of Albert Weis is descriptio personæ. The judgment rendered is simply a personal judgment against him. The descriptive words do not alter its effect in this respect. Under the facts found by the court, a judgment against David A. Weis cannot be sustained upon any theory.

[2] If it be regarded.as a suit for breach of contract, then it is sufficient to say that he was not a party thereto, and is not liable in damages for breach thereof.

[3] On the other hand, if it be regarded as based upon tort, as appellee contends it should be, then appellant was not a party to the wrongful acts complained of, which inflicted the damage, and, of course, is not liable therefor. Another agent and employé of Albert Weis sold the tickets, another escorted plaintiff to her seat and ejected her therefrom. David A. Weis had no connection whatever with the matter until subsequent to her ejection from her seat. The court found that the damage which she sustained arose by reason of the humiliation caused by being compelled to move out of the box in view of her acquaintances and friends and loss of purchase price of tickets. Appellant was in no wise responsible for the return of the purchase price of her ticket, and was not liable to her for alleged tortious acts of other agents and employés of Albert Weis. Upon no theory could the judgment herein be properly rendered against appellant.

Reversed and rendered.